FILED
2017 Mar-29  AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
2/28/2017 12:18 PM
11-CV-2017-900108.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 11 |
|---|---|---|

Date of Filing:     Judge Code:
02/28/2017

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**

**CRYSTAL STOVALL ENTERPRISES, LLC v. ESSEX INSURANCE COMPANY**

**First Plaintiff:** ☑ Business  ☐ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING          A ☐ APPEAL FROM DISTRICT COURT          O ☐ OTHER

R ☐ REMANDED          T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

JOH120

2/28/2017 12:18:18 PM
Date

/s/ EDWARD MCFARLAND JOHNSO
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**     ☐ YES  ☑ NO  ☐ UNDECIDED

ELECTRONICALLY FILED
3/28/2017 12:18 PM
11-CV-2017-900108.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **CRYSTAL STOVALL ENTERPRISES, LLC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. _____** |
| ) | |
| **ESSEX INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

1.      Plaintiff, Crystal Stovall Enterprises, LLC, is an Alabama Limited

Liability Company, and at all times pertinent to this suit, was doing business in Anniston,

Alabama.

2.      Defendant, Essex Insurance Company, ("Essex") is a Delaware

Corporation, and at all times pertinent to this suit, was doing business by agent in

Anniston, Alabama.

## FACTS

3.      Plaintiff adopts and incorporates the averments in the previous paragraphs

as if fully stated herein.

4.      At all times pertinent to this suit, Plaintiff was the holder of a mortgage

securing an indebtedness, given by Jacquelyn and Peggie, LLC, for certain property

located in Anniston, Alabama.

5.      At all times pertinent to this suit, Jacquelyn and Peggie, LLC, was

operating a restaurant known as AJ's Sunset Bar and Grill.

6.      Pursuant to the terms of the mortgage given to Plaintiff, Jacquelyn and Peggie, LLC was required to insure the subject property, and to further identify Plaintiff mortgagee as an additional insured.

7.      At all times pertinent to this suit, Plaintiff was a named additional insured under the policy of insurance issued by Defendant Essex, Policy Number 2CR1635.

8.       On or about February 29, 2016, AJ's Sunset Bar and Grill caught fire and substantially damaged the subject property.

9.      On or about June 1, 2016, and pursuant to the requirements under the subject insurance policy, Jacquelyn and Peggie, LLC submitted a Sworn Statement in Proof of Loss to Defendant Essex.

10.     On or about August 26, 2016, and pursuant to the requirements under the subject insurance policy, Plaintiff submitted a Sworn Statement in Proof of Loss to Defendant Essex.

11.     Thereafter, on or about November 4, 2016, Plaintiff submitted its agent Bob Griffin, to examination under oath by Defendant Essex.

12.     To date, Defendant Essex has failed and refused to pay Plaintiff for its loss, and as a proximate result thereof, Plaintiff has been caused to be damaged.

## COUNT ONE – BREACH OF CONTRACT

13.     Plaintiff adopts and incorporates the averments in the previous paragraphs as if fully stated herein.

14.     Plaintiff, as an additional insured under the subject policy of insurance, is a third-party beneficiary of the insurance contract between Defendant Essex and Jacquelyn and Peggie, LLC.

15.     Defendant Essex's failure to pay the insurance proceeds due to Plaintiff as an additional insured, constitutes a material breach of that contract of insurance.

16.     As a proximate result of Defendant Essex Insurance Company's breach of its obligations under the contract of insurance, Plaintiff was damaged and is entitled to receive the sum of $539,892.14, plus interest, and other damages including future economic losses.

WHEREFORE, Plaintiff demands judgment against Defendant Essex Insurance Company for compensatory damages, in an amount to be determined by a jury.

## COUNT TWO – "NORMAL" BAD FAITH

17.     Plaintiff adopts and incorporates the averments in the previous paragraphs as if fully stated herein.

18.     As an additional insured under the subject policy of insurance, Plaintiff is a third-party beneficiary to the subject contract of insurance.

19.     Defendant Essex has intentionally refused and failed to pay Plaintiff's claim.

20.     Defendant Essex's refusal and failure to pay Plaintiff's claim has been done in the absence of any reasonably legitimate or arguable reason.

21.     Defendant Essex has actual knowledge that its refusal and failure to pay Plaintiff's claim has been done in the absence of any reasonably legitimate or arguable reason.

22.     As a proximate result of Defendant Essex's refusal and failure to pay Plaintiff's claim, in the absence of any reasonably legitimate or arguable reason, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant Essex Insurance Company for compensatory and punitive damages, in an amount to be determined by a jury.

## COUNT THREE – "ABNORMAL" BAD FAITH

23.     Plaintiff adopts and incorporates the averments in the previous paragraphs as if fully stated herein.

24.     As an additional insured under the subject policy of insurance, Plaintiff is a third-party beneficiary to the subject contract of insurance.

25.     Defendant Essex has intentionally refused and failed to pay Plaintiff's claim.

26.     Defendant Essex's refusal and failure to pay Plaintiff's claim has been done in the absence of any reasonably legitimate or arguable reason.

27.     Defendant Essex has actual knowledge that its refusal and failure to pay Plaintiff's claim has been done in the absence of any reasonably legitimate or arguable reason.

28.     Defendant Essex has refused and failed to properly and adequately investigate Plaintiff's claim, to determine whether there is any legitimate or arguable reason for denial, and has in essence, denied the claim by virtue of its refusal and failure to investigate.

WHEREFORE, Plaintiff demands judgment against Defendant Essex Insurance Company for compensatory and punitive damages, in an amount to be determined by a jury.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

4

_/s/ Donald W. Stewart_
Donald W. Stewart
Attorney for Plaintiff

**OF COUNSEL:**

Stewart & Stewart, P.C.
1021 Noble Street, Suite 110
Anniston, Alabama 36201
Tel:   (256) 237-9311
Fax:   (256) 237-0713

_/s/ Edward McF. Johnson_
Edward McF. Johnson
Attorney for Plaintiff

**OF COUNSEL:**

Stewart & Stewart, P.C.
1826 3rd Avenue North, Suite 300
Bessemer, Alabama 35020
Tel:   (205) 425-1166
Fax:   (205) 425-5959

**PLEASE SERVE THE DEFENDANT VIA CERTIFIED MAIL AT THE
FOLLOWING ADDRESS:**

**ESSEX INSURANCE COMPANY**
**The Corporation Trust Company**
**Corporation Trust Center**
**1209 Orange Street**
**Wilmington, Delaware 19801**

ELECTRONICALLY FILED
3/28/2017 12:18 PM
11-CV-2017-900108.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

# IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **CRYSTAL STOVALL ENTERPRISES, LLC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.** _____ |
| ) | |
| **ESSEX INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

COMES NOW, Plaintiff, and pursuant to Ala.R.Civ.P. 33, propounds the following interrogatories to the Defendant to be answered separately and severally:

**Instructions:**

a.      These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b.      Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the fire loss mentioned or complained of in the Complaint.

c.      Where name and identity of a person is required, please state full name, home address and also business address, if known.

d.      Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, his attorney's. When answer is made by corporate defendant, state the name, address and title of persons supplying the information and making the affidavit, and announce the source of his or her information.

e.      The pronoun "you" refers to the party to whom the Interrogatories are addressed and the parties mentioned in clause (d).

**Interrogatories:**

1.      Please state the name, last known address and employment position of all

non-lawyer person(s) participating in answering these interrogatories, or any one of them,

identify the interrogatory answer(s) which each person(s) participated in answering, and

state the manner of each such person's participation.

     a.    Has the person who has signed the answers to these interrogatories been authorized to do so?

     b.    Does the person who has signed the answers to these interrogatories have personal knowledge concerning all facts and information as set forth in such answers? If not, set forth those interrogatory answers containing facts of which the person signing has no personal knowledge and state the precise source(s) of information (names of witnesses and precise identities of documents, by description, document number, title, author, subject matter and date) consulted by such person before signing the answers under oath.

2.    Identify each person at Essex, or at Essex's agent, consultant, or independent adjuster offices that examined or investigated Plaintiff's claim and state with particularity the substance of the information each such person has, including, without limitation, any:

     a.    Person responsible for evaluating, investigating, researching, examining, inspecting, or deciding whether to pay insurance benefits to Plaintiff; When responding to this interrogatory, also identify all supporting documents.

3.    Identify each non-retained expert witness, including a party or non-party, whom you expect to call at trial, to provide testimony relative to scientific, technical or other specialized knowledge and with respect to each such person, please provide such

person's name, address and field of expertise as well as the subject matter on which each such person is expected to testify and the field of expertise of each such person.

4.      Does Defendant have any statements, oral or written from any witness? If so, please produce the name and address of each witness, the date of such statement, state whether such statement was written or oral, and the name of the person presently in custody of such statement.

5.      With respect to your investigation into the extent of damages related to this claim, and assuming liability under the policy of insurance issued by you to Plaintiff, state the following:

        a.      The actual cash value of the loss and damage to the premises as a result of the occurrence alleged;

        b.      The actual cash value of the loss and damage to personal property and contents and goods contained in the premises as a result of the occurrence alleged; and,

        c.      The name and job title of the individual whose knowledge the information provided in the answer to this interrogatory is based.

6.      List the name(s) and current address(es) who have knowledge of the facts of the losses alleged in Plaintiff's Complaint and/or the damages following therefrom.

7.      State the name(s) and current address(es) of all persons at Essex who prepared notices, memos, letters, invoices, statements, or other written correspondence pertaining to the insured premises.

8.      Identify the name, current address, and current telephone number of all expert witnesses who will testify at trial on your behalf. For each individual, please

provide the following:

    a.    The subject matter on which the witness is expected to testify;

    b.    The conclusions and opinions of each witness and the basis thereof;

    c.    The qualifications of each witness; and,

    d.    Any reports and any drafts of reports prepared by the witness.

9.    Identify the name, current address, and current telephone number of all witnesses who will testify at trial on your behalf. For each witness identified, please provide the subject matter of each witness's testimony.

10.    Identify the dates any underwriting inspections were made, by whom they were made, produce a copy of the inspection results, and produce any and/or correspondence that was sent by you following any underwriting inspections.

11.    Identify by name your corporate representative(s) who are most knowledgeable regarding your Answer to Plaintiff's Complaint.

    Respectfully Submitted,

    */s/ Donald W. Stewart*
    Donald W. Stewart
    Attorney for Plaintiff

**OF COUNSEL:**

Stewart & Stewart, P.C.
1021 Noble Street, Suite 110
Anniston, Alabama 36201
Tel:    (256) 237-9311
Fax:    (256) 237-0713

    */s/ Edward McF. Johnson*
    Edward McF. Johnson
    Attorney for Plaintiff

**OF COUNSEL:**

Stewart & Stewart, P.C.
1826 3rd Avenue North, Suite 300
Bessemer, Alabama 35020
Tel:    (205) 425-1166
Fax:    (205) 425-5959


**NOTICE TO CLERK:  Please serve a copy of the foregoing along with the Summons and Complaint.**

ELECTRONICALLY FILED
3/8/2017 12:18 PM
11-CV-2017-900108.00
CIRCUIT COURT OF
CALHOUN COUNTY, ALABAMA
KIM MCCARSON, CLERK

## IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

| | |
|---|---|
| **CRYSTAL STOVALL ENTERPRISES, LLC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. _____** |
| | ) |
| **ESSEX INSURANCE COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW, Plaintiff, and pursuant to Ala.R.Civ.P. 34, propounds the following Requests for Production of Documents or Things:

**Instructions:**

a.       Your written response shall state with respect to each item or category, that inspection-related activities will be permitted as requested, unless request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, that part shall be specified.

b.       In accordance, the documents shall be produced as they are covered in the usual course of business or you shall organize and label them to correspond with the categories in the request.

c.       These requests shall encompass all items within your possession, custody or control.

d.       These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

e.       If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous in the construction used, in responding.

**Definitions:**

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

a.       The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, state, which

agencies or political subdivision, and court, or any other governmental entity.

      b.     The terms "you" or "your" include the persons to whom these requests are addressed, and all that person's agents, representatives or attorneys.

      c.     In accordance, the terms, "document" or "documents" includes all writings, drawings, graphs, charts, photographs, recordings, and any other data comultations from which information can be othatined, translated, if necessary by (you), through detection devices, into reasonably usable form.

      d.     The term "occurrence" means the incident made the basis of the Plaintiff's complaint.

**Requests for Production:**

      1.     Produce your entire claim file, communications, and documents of every adjuster that worked on the insureds' claim related to the fire which is the basis of this lawsuit, including but not limited to the branch, regional and home office claims files, the "field file" including the claim handlers' notes and handwritten notes, as well as the claims file of all adjusters and independent adjusters.

      2.     Produce your entire claim manual(s) in effect during 2016 and 2017 which relate to or may be referred to when investigating or adjusting property losses, fire claims, including by not limited to your claims handling manual, your claims practices and standards, including any manuals for branch claims representatives, the regional office, and manuals for the home office, which related to or may be referred to when investigating or adjusting property losses and fire claims.

      3.     Produce your entire property claims training manual and materials, including but not limited to training programs for claims employees, both inter-company training programs as well as non-Essex training programs and materials, all property claims training videos, and all information provided to employees on how to avoid bad

faith claims, any materials from the Insurance Institute of America, or texts such as "The Claims Environment."

4.      Produce all emails and other communications that in any way relate to Plaintiff's claims, including any separate email communications system apart from the electronic claims file and emails sent via the Internet.

5.      Produce all information regarding reserves, including the dates and times reserves were set and changed or adjusted.

6.      Produce you entire underwriting file for the subject insurance policy.

7.      Produce all documents related to Plaintiff's claim contained in the personnel files of the claims handlers in charge of Plaintiff's claims, as well as supervisors in the chain of command above these claims handlers.

8.      Produce all documents identified, referred to, or relied upon in answering Plaintiff's interrogatories.

9.      Produce all documents identified, referred to, or relied upon in developing your Answer and/or Affirmative Defenses to Plaintiff's Complaint.

10.      Produce all documents relating to or referencing Plaintiff's insurance claim.

11.      Produce all statements given by anyone, oral or written, or court reported, signed or unsigned, to some person or entity other than his/her attorney related to or regarding any issue in Plaintiff's Complaint, and all correspondence with any third-party regarding or related to Plaintiff's claim.

12.     Produce the entirety of your agent's manual containing any techniques, training, guidance and/or standards for selling property insurance, commercial property insurance, and/or code upgrade/law and ordinance coverage.

13.     Produce your agent's file related to the subject property.

14.     Produce color copies of all photographs, slides, motion pictures, videotapes, or other photographic reproductions of the premises taken either prior to, at the time of, or after the alleged damage occurred.

15.     Produce the file(s) of any individual or entity hired or retained by you to investigate the occurrence and damage alleged.

16.     Produce certified copies of all policies issued by you for the premises that were in force at the time of this loss.

17.     Produce all documents relating to or referencing your policy of insurance for the subject premises.

18.     Produce all correspondence, reports, surveys, appraisals, damage estimates, proof of loss, adjuster's report(s), or other documents setting forth the damages related to the insured premises as alleged in Plaintiff's Complaint.

19.     Produce the contract or other agreement between you and the agent who took the application for the insurance for the premises referenced in Plaintiff's Complaint.

Respectfully Submitted,

/s/ Donald W. Stewart
Donald W. Stewart
Attorney for Plaintiff

**OF COUNSEL:**

Stewart & Stewart, P.C.
1021 Noble Street, Suite 110
Anniston, Alabama 36201
Tel:    (256) 237-9311
Fax:    (256) 237-0713

/s/ Edward McF. Johnson
Edward McF. Johnson
Attorney for Plaintiff

**OF COUNSEL:**

Stewart & Stewart, P.C.
1826 3rd Avenue North, Suite 300
Bessemer, Alabama 35020
Tel:    (205) 425-1166
Fax:    (205) 425-5959

**NOTICE TO CLERK:  Please serve a copy of the foregoing along with the Summons and Complaint.**



AlaFile E-Notice

11-CV-2017-900108.00

To:  EDWARD MCFARLAND JOHNSON
     ejohnson@stewartandstewart.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

CRYSTAL STOVALL ENTERPRISES, LLC V. ESSEX INSURANCE COMPANY
11-CV-2017-900108.00

The following complaint was FILED on 2/28/2017 12:18:35 PM

Notice Date:     2/28/2017 12:18:35 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov



AlaFile E-Notice

11-CV-2017-900108.00

To:   ESSEX INSURANCE COMPANY
      CORPORATION TRUST CENTER
      1209 ORANGE STREET
      WILMINGTON, DE, 19801

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

CRYSTAL STOVALL ENTERPRISES, LLC V. ESSEX INSURANCE COMPANY
11-CV-2017-900108.00

The following complaint was FILED on 2/28/2017 12:18:35 PM

Notice Date:      2/28/2017 12:18:35 PM

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>11-CV-2017-900108.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF CALHOUN COUNTY
### CRYSTAL STOVALL ENTERPRISES, LLC V. ESSEX INSURANCE COMPANY

ESSEX INSURANCE COMPANY, CORPORATION TRUST CENTER 1209 ORANGE STREET, WILMINGTON, DE 19801

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY EDWARD MCFARLAND JOHNSON

WHOSE ADDRESS IS 1826 3rd Avenue North, Bessemer, AL 35021

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CRYSTAL STOVALL ENTERPRISES, LLC
   pursuant to the Alabama Rules of the Civil Procedure

Date  2/28/2017 12:18:35 PM       /s/ KIM MCCARSON
                                  Clerk/Register
                                  25 WEST 11TH STREET
                                  ANNISTON, AL 36201

☑ Certified Mail is hereby requested    /s/ EDWARD MCFARLAND JOHNSON
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                              (Date)

_____         _____         _____
Date                             Server's Signature               Address of Server

_____         _____         _____
Type of Server                   Server's Printed Name            _____
                                                                  Phone Number of Server

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _Jimmy McLaren_   ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

ED MAR 06 2017

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:   OIM - 90108

ESSEX INSURANCE COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

9590 9403 0935 5223 8300 87

2. Article Number *(Transfer from service label)*

7015 3010 0002 1277 7461



PS Form 3811, July 2015 PSN 7530-02-000-9053

USPS TRACKING#

9590 9403 0935 5223 6300 67

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

KIM MCCARSON
300 CALHOUN CO. COURTHOUSE
25 WEST 11TH STREET
ANNISTON, AL 36201

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



**AlaFile E-Notice**

11-CV-2017-900108.00

Judge: BUD TURNER

To:   JOHNSON EDWARD MCFARLAND
ejohnson@stewartandstewart.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA

CRYSTAL STOVALL ENTERPRISES, LLC V. ESSEX INSURANCE COMPANY
11-CV-2017-900108.00

The following matter was served on 3/6/2017

**D001 ESSEX INSURANCE COMPANY**
**Corresponding To**
CERTIFIED MAIL

KIM MCCARSON
CIRCUIT COURT CLERK
CALHOUN COUNTY, ALABAMA
25 WEST 11TH STREET
ANNISTON, AL, 36201

256-231-1750
Kim.McCarson@alacourt.gov

**IN THE CIRCUIT COURT OF CALHOUN COUNTY, ALABAMA**

| | | |
|---|---|---|
| **CRYSTAL STOVALL ENTERPRISES, LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No.: CV-2017-900108** |
| | § | |
| **ESSEX INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**NOTICE OF REMOVAL**</u>

TO THE PLAINTIFF IN THE ABOVE-STYLED CAUSE AND ITS ATTORNEY OF RECORD:

Please take notice that on the 28th day of March, 2017, the undersigned, as attorneys for Defendant Evanston Insurance Company, as successor by merger to Essex Insurance Company, filed on its behalf a Notice of Removal in the United States District Court for the Northern District of Alabama, Eastern Division, to remove the above-entitled cause of action from the Circuit Court of Calhoun County, Alabama (CV-2017-900108) to said United States District Court, and also filed a true copy of said Notice of Removal with the Clerk of the Circuit Court of Calhoun County, Alabama.

Respectfully submitted,

 s/Brenen G. Ely
Brenen G. Ely (ELY004)
Seth T. Hunter (HUN047)
Attorneys for Evanston Insurance Company, as successor by merger to Essex Insurance Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway
Suite 380
Birmingham, Alabama 35209
Telephone:      (205) 313-1200
Facsimile:      (205)313-1201
bely@elylawllc.com
shunter@elylawllc.com

## CERTIFICATE OF SERVICE

      I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via electronic filing and/or U.S. Mail on this the 28th day of March, 2017.

Donald W. Stewart
STEWART & STEWART, P.C.
1021 Noble Street
Suite 110
Anniston, Alabama 36201
donaldwstewart5354@yahoo.com

Edward McF. Johnson
STEWART & STEWART, P.C.
1826 3rd Avenue North
Suite 300
Bessemer, Alabama 35020
ejohnson@stewartandstewart.net

         s/Brenen G. Ely
         **OF COUNSEL**

2